IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

UNITED SECURITY BANK, :
d/b/a BANK OF WOODSTOCK, :
 :
    Plaintiff, :
 :
v. : Case No. 5:09-CV-88 (HL)
 :
FIRST AMERICAN TITLE :
INSURANCE COMPANY, :
 :
    Defendant. :

## ORDER

This matter is before the Court on the Defendant's Motion to Dismiss the Complaint (Doc. 5) (the "Motion"). For the following reasons, the Motion is denied.

### Factual Background

Plaintiff agreed to loan a borrower over $1.5 million to purchase four tracts of land. Plaintiff then purchased four title insurance policies from the Defendant on these four tracts of land. The borrower defaulted on its loan obligations, and the Plaintiff attempted to initiate foreclosure proceedings. After initiating foreclosure proceedings, Plaintiff learned that there was a prior mortgage on the property in the amount of $2.2 million. The title examiner had failed to discover this prior mortgage.

The Plaintiff filed a claim with its title insurer, Defendant, giving the Defendant 60 days to pay this claim. Rather than pay, Defendant

exercised what it alleged was its right under the policy to attempt to clear up the title rather than to pay the claim.

Plaintiff initiated this suit, alleging that Defendant breached the insurance contract by not paying the claim within 60 days of notification of the claim. The Defendant filed this Motion in lieu of an answer. In this Motion, the Defendant argues that there never was a breach. Per the terms of the title insurance policies, Defendant was entitled, upon receipt of the claim, to pay the claim, dispute the claim, or to clear up the bad title. The Defendant has already initiated legal proceedings to clear up the title, so it is performing its duties under the contract. Thus, there is no breach.

## Discussion

Plaintiff attaches to its Complaint, in Exhibits 1-4, the four policies at issue in this case. These policies are titled "Short Form Residential Loan Policy One-to-Four Family" (the "Short Form"). The Short Forms are one page documents that set out the bare minimum terms: the parties to the contract, the policy number, the policy limits, the property covered, and the mortgage amount. The Short Forms do not provide any of the other terms—such as duties of the insured and the insurer, notice provisions, etc. Instead, the Short Forms state that, subject to certain exceptions described elsewhere, Defendant "hereby insures the insured in accordance with and subject to the terms, exclusions, conditions and stipulations set forth in the

American Land Title Association Loan Policy (10/17/92 version) [(the "ALTA Loan Policy")], all of which are incorporated herein."

The Defendant states that the Short Form policies produced by the Plaintiff "are standard residential short form policies issued in connection with thousands of real estate closings in the state each year.  In keeping with their name, the short form policies incorporate by reference the insuring provisions, terms and conditions of the standard ALTA Loan Policy . . . ." (Def.'s Reply Br. 2.)  The attachments to the fax at Exhibit 8 make up the ALTA Loan Policy, and therefore the terms incorporated into the Short Form policies.  These terms allow Defendant, upon receipt of a claim by its insured, to pay the claim, dispute the claim or to initiate legal proceedings to clear title.  Plaintiff argues that it never received these additional terms, and that "there is a question of fact as to which documents actually constitute the insuring agreement between the parties." (Pl.'s Br. 3.)  The Plaintiff's argument does give this Court pause—but just barely.

It is obvious from the Short Form policies that these do not represent the entire agreements; for one thing, almost all of the terms are missing, for another, the policies explicitly incorporate by reference the ALTA Loan Policy.  Thus, the essential terms regarding the Defendant's duty to its insured when the insured makes a claim are missing.  The only question is whether the documents in Exhibit 8 actually are, as Defendant claims, the terms of the ALTA Loan Policy that apply in this case.  If these are the

3

actual terms of the policy, then the Defendant would likely be within his rights to clear title before paying the claim.  However, there is not enough evidence provided to prove that these are the missing terms.  Even if there were, though, this would not be an appropriate inquiry for a motion to dismiss.  This discussion would be more appropriate on a motion for summary judgment after at least a limited amount of discovery.

For these reasons, the Defendant's Motion to Dismiss the Complaint (Doc. 5) is denied.

**SO ORDERED**, this the 30th  day of October, 2009.


*s/   Hugh Lawson*
HUGH LAWSON, JUDGE

jch

4